O’CONNELL, Justice.
(Dissenting to order denying petition for rehearing).
I would grant the petition for rehearing and would, without further argument, modify the order of the respondent as explained below.
Petitioner sought the issuance of writ of certiorari directed to an order of the circuit court ' affirming an order of the Florida Real Estate Commission which revoked the registration of petitioner as a real estate broker. We denied the petition and petitioner has filed a petition for rehearing.
It is my view that while the ruling of the circuit court should be upheld, except as modified herein, there are statements contained in the order of revocation entered by the Real Estate Commission which were beyond the authority of that body and should be nullified.
In its order of revocation the Commission, among other findings justifying revocation, stated:
“It is our opinion and ultimate finding that defendant John Murphy is guilty of a crime against the laws of the State of Florida involving moral turpitude in violation of Subsection 475.25(1) (e), Florida Statutes [F.S. A.] * * * ” (Emphasis added)
In the information to revoke registration filed against the petitioner it was charged that he was “ * * * guilty of a crime against the laws of the State of *2 Florida * * in that he did, as a notary public falsify the acknowledgments of certain named persons on applications for registration as real estate salesmen.
Section 475.25(1) (e), F.S., F.S.A., provides that registration of a broker may be suspended upon a finding of facts showing that the broker has:
“(e) Been guilty of a crime against the laws of this state or any other state or of the United States, involving moral turpitude, or fraudulent or dishonest dealing; and the record of a conviction certified or authenticated in such form as to be admissible in evidence under the laws of the state, shall be admissible as prima facie evidence of such guilt * *
Petitioner contends that the above subsection of the statute can be utilized by the Commission only where the broker involved has been duly charged and convicted of a crime in a court of competent jurisdiction. I agree.
The Florida Real Estate Commission can only exercise the powers given it by the legislature. I doubt seriously, under our constitution as now written, that the legislature may grant to such a commission the power to adjudicate guilt or innocence of crime. In any event it is clear to me that the legislature did not in this instance grant that power.
The respondent Commission does not contend that petitioner has in fact been adjudged guilty of the alleged crime in a court of competent jurisdiction. It takes the position that it is unnecessary for the petitioner’s guilt of crime to have been adjudicated in a court, but rather that the legislature intended to allow the Commission to make that determination. As above stated I cannot agree.
As I see it, the only determination which can be made by the Commission under Section 475.25(1) (e) is whether the registrant has been found guilty of crime by a court of competent jurisdiction, but it may not itself adjudicate, guilt of crime.
This of course does not mean that the Commission cannot, under other provisions of Section 475.25, determine that the registrant has in fact committed acts or engaged in conduct which, if presented in a court under proper charges and after trial, might justify an adjudication by the court of guilt of crime, or that the Commission cannot use its determination thereof as grounds and basis of revocation or suspension. It means simply that the Commission is without authority to adjudicate that such acts or conduct constitute guilt of crime, while it may determine that such acts or conduct are sufficient cause for revocation of license.
Therefore, insofar as the Commission sought in its order to adjudicate the petitioner guilty of crime against the laws of this state, it exceeded its authority and that portion thereof should be stricken.
In all other respects I would deny the petition for rehearing.